◼ JULIA LISS et al., Appellants, v. ANNES HOTELS, INC., Respondent.— Appeal from an order of a Special Term, Supreme Court, Sullivan County. This is an appeal from an order denying plaintiff's application to restore the case to the Sullivan County calendar after it was stricken by the Supreme Court under rule V of the Sullivan County Supreme Court rules by order of October 2, 1961, the appeal from which is decided herewith. The court at Special Term denied this present application on the ground it was not timely and because the affidavits did not demonstrate a reasonable excuse. Rule V requires that an application to restore shall not be entertained unless made within 60 days after a case shall have been stricken. This application was not made until June 25, 1962. The affidavit of the attorney for plaintiff states he did not have any notice of entry of the order of October 2, 1961 or know of its existence until May 29, 1962 when a card was received from the clerk stating the case was stricken October 2, 1961. No affidavit that a copy of the order was sent to plaintiff's attorney or that any other notice of it was given him appears in the record; and it would seem reasonable to believe that the 60 days in which an application to restore should be made would run from the time of notice of some kind of the strike-off order. On the merits of the application to restore, plaintiffs' attorney filed a copy of a communication from the clerk on January 12, 1961 stating in response to the attorney's letter of inquiry as to whether he would be advised by

mail when the case is reached for trial: "It is the practice of the court to notify by mail when the case is reached on the alarm calendar." The attorney swears that no such notice was ever given and this is not disputed. While it is the attorney's duty and not the clerk's to take care of the calendar movement of the case, the affirmative advice of the clerk here to a nonresident attorney that notice would be sent him by mail justified his waiting for such notice. Therefore the case should be restored on condition that plaintiffs' attorney be represented on all calendar calls and be ready when reached for trial. Order reversed, without costs, and motion granted. Bergan, P. J., Coon, Herlihy, Reynolds and Taylor, JJ., concur.